IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDY MATUTE,

    Defendant.

Case No. 3:18-CR-30142-NJR-3

# ORDER

**ROSENSTENGEL, Chief Judge:**

    Now before the Court is Defendant Edy Matute's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 446). Matute requests a reduction under both the "zero-point" offender and "status points" provisions of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). Attorney Kim C. Freter entered her appearance on behalf of Matute to determine his potential eligibility for a sentence reduction pursuant to Amendment 821. She subsequently filed a Motion to Withdraw, asserting that Matute's motion is without merit. (Doc. 450). Matute did not respond to the Motion to Withdraw.

    Under Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or less criminal history points

and who committed the offense of conviction while under any criminal justice sentence receives no status points. *See* U.S.S.G. § 1B1.10(e)(2). Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Here, although Matute requests relief under both Part A and Part B of Amendment 821, he is not eligible for a reduction under either provision. Matute was not given status points at sentencing because he did not commit the offense of conviction while he was under any criminal justice sentence. He also is not a zero-point offender, as he was assessed four criminal history points. Thus, Matute does not qualify for a sentence reduction under either prong.

For these reasons, the *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed by Defendant Edy Matute (Doc. 446) is **DENIED**. The Motion to Withdraw filed by Attorney Kim C. Freter (Doc. 450) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  April 16, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**